

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 8 2020

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

PLEASE, DO NOT ALTER THIS DOCUMENT IN ANY WAY.

1    ABANOOB ABDEL-MALAK
2    12159 Harvest Avenue
     Norwalk, CA, 90650
3    (310) 776-5915
     Email: ava@sinaillc.com
4

5    ABANOOB ABDEL-MALAK, IN PRO SE
6

7

8

9              UNITED STATES DISTRICT COURT
10    CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

L/N

11                                      CV20-04783 MWF (JCx)

12                                   ) Case No.: TBD
                                     )
13                                   ) Ex- Parte Application Request AND
     ABANOOB ABDEL-MALAK, an         ) Complaint for:
14    individual;                    ) 1. Request to E-File and Initiate Filing
                                     )
15        And                        ) 2. Declaratory Judgement
                                     )
16                                   )
     SINAI ACQUISITIONS LLC; a limited ) 3. Injunctive Relief
17    liability company; et al.,     )
                                     ) 4. Equitable Relief
18                                   )
         Plaintiff(s),               ) 5. Request For Three Panel Judge
19                                   )
            v.                       ) 6. Request to Fee Waiver
20                                   )
21                                   ) JURY TRIAL DEMANDED
                                     )
22                                   )
23

24    Defendants' UNITED STATES OF      Declination To Proceed In Front Of
     AMERICA and DAVID O' CARTER        Magistrate Judge
25    and KENYL KIYA KATO and
     CORMAC J CARNEY and GAIL O'        Issue Subpoena for Court Records
26    RANE and MICHAEL GASSNER and      for "Fraud Upon/on The Court"
     WENDY HARRIS and DAVID PIERCE
27    and DAVID JOHANSEN and ROBERT
     TIPRE and MARIO RIVAS and LAW
28

RECEIVED
CLERK, U.S. DISTRICT COURT

MAY 2 6 2020

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

                        - 1 -
              COMPLAINT FOR DAMAGES                    A.A.

**OFFICE OF MARIO RIVAS** and
**MICHAEL J. GASSNER** and **AMBER
BOUCHARD** and **KAREN Y. DIGGS**
and
**DAVID GARY PIERCE**, and
**UNKNOWN DEFENDANTS'**,
State of California)
and;

**KATRINA HINZO**;

and;

Superior Court of California
County of San Bernardino, Riverside,
San Diego, Los Angeles
and;
United States District Court
Central District of California
and;
State of California Court of Appeals
Fourth District Division Two
and;
Unknown Defendants', et al.,
as
Defendants,

- 2 -

COMPLAINT FOR DAMAGES                    A. A.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Procedure Rule 60(b) **ABANOOB ABDEL-MALAK** moves this court for an *ex-parte* application for the following grounds requesting extraordinary relief and for this court in its inherent powers to issue sanctions, grant relief, and invalidate courts' Judgement, Orders, and Proceedings based on fraud... and allow an independent action for relief to remedy fraud on the court.

Upon receiving access to E-File in this case, Plaintiff with provide the full *ex parte* and Complaint. Due to Plaintiffs' financial hardship, Plaintiff is forced to E-File this via email.

Plaintiff, **ABANOOB ABDEL-MALAK**, respectfully request this court to provide appropriate relief regarding the fraud in the following cases mentioned below.

Defendant's are:

**Case #1:**
    1. Superior Court of California – County of San Bernardino
        Case Name: Abanoob Abdel-Malak v. Desiree N. Pierce
        Case Number: FAMSS 1901320

**Case #2:**
    2. Superior Court of California – County of Riverside
        Case Name: Desiree Pierce, et al., v. Abanoob Abdel-Malak
        Case Number: DVRI 1901830

**Case #3:**
    3. United States District Court – Central District of California
        Case Name: David Pierce, et al., v. Abanoob Abdel-Malak
        Case Number: 5:19-CV-01808 DOC (KKx)

**Case #4:**
    4. California Court of Appeals – Fourth District Division 2
        Case Name: Desiree Pierce v. Abanoob Abdel-Malak
        Case Number: E074593

**Case #5:**
    5. United States District Court – Central District of California
        Case Name: Abanoob Abdel-Malak, et al., v. John Doe,
        Case Number: 5:20-CV-00322 CJC (KKx)

**Case #6:**
    6. Superior Court of California – County of Los Angeles
        Case Name: Abanoob Abdel-Malak, et al., v. State of California, et al.,
        Case Number: 20STCP01336

A.A.

- 3 -

COMPLAINT FOR DAMAGES

1
2
3  **REQUEST FOR THREE PANEL JUDGE PURSUANT 28 U.S.C. §2284:**
4          Plaintiff, **ABANOOB ABDEL-MALAK**, hereby request a three panel judge
   to consolidate the four case to the United States District Court for the Central District
5  of California, Western Division to hear this *ex parte* application and fraud action
   pursuant to **28 U.S.C. §2284(b)(1)**.
6          Due to Defendant **DAVID O CARTER** and **KENYL KIYA KATO** and
7  **CORMAC J CARNEY**'s negligence and past unlawful conduct, below will
   demonstrate violations of Title **18 U.S.C. § 1951**, Hobbs Act of Extortion and
8  Robbery; and violations of Title **18 U.S.C. §241**, Conspiracy Against Rights; and
9  violations of Title **18 U.S.C. §245**, Federally Protected Activities; and violations of
   the **Unruh Civil Rights Act**, **Ralph Civil Rights Act of 1976**, **Tom Bane Civil**
10 **Rights Act** pursuant to California Civil Code § 51, § 51.1, § 51.5, § 51.6(b), § 51.7, §
11 52, § 52.1, § 52.3(a), § 52.4(a) against the plaintiff because of Plaintiffs' gender,
   sexual orientation, race, ethnic name, ethnicity, religion, all resulting in Civil Rights'
12 violations and denial of access to Federal Courts'.
13         This action will not address the civil right violations, since Plaintiff has already
   commenced a civil rights' filing, but civil right violations will provide the need for
14 relief.
15         In addition to the fraud Plaintiffs' seek injunctive relief and damages caused by
   Defendants' unlawful invasion of privacy and interception of electronic
16 communications and images in violation of the Federal Wiretap Act as amended by
17 the Electronic Communications Privacy Act (hereinafter referred to as the "Wiretap
   Act" or the "Electronic Communications Privacy Act"), the California Invasion of
18 Privacy Act ("CIPA"), and common law damages for invasion of privacy.
19 **I. PARTIES**
           Plaintiffs' **ABANOOB ABDEL-MALAK** and **SINAI ACQUISITIONS**
20 **LLC**, (collectively, "Plaintiffs") upon information and belief complain against
21 Defendants' **UNITED STATES OF AMERICA** and **DAVID O' CARTER** and
   **KENYL KIYA KATO** and **CORMAC J CARNEY** and **GAIL O' RANE** and
22 **MICHAEL GASSNER** and **WENDY HARRIS** and **DAVID PIERCE** and **DAVID**
23 **JOHANSEN** and **ROBERT TIPRE** and **MARIO RIVAS** and **LAW OFFICE OF**
   **MARIO RIVAS** and **MICHAEL J. GASSNER** and **AMBER BOUCHARD** and
24 **KAREN Y. DIGGS** and **ROBERT DELLER** and **LAW OFFICES OF ROBERT**
25 **DELLER & ASSOCIATES, INC.** and **KATRINA HINZO** (collectively
   "Defendants") for the committing the following fraudulent unlawful conduct against
26 the Plaintiffs'.
27
28
                                   - 4 -                              *A.A.*
                          COMPLAINT FOR DAMAGES

## I. PARTIES

Defendant, Federal Bureau of Investigations participated in the misconduct mention herein.

## I. PARTIES

3. Plaintiff's name is Abanoob Abdel-Malak. Plaintiff resides at: Norwalk, California in the County of Los Angeles.

4. Defendant Superior Court of California, County of San Bernardino in relevance to case FAMSS1901320; "Abanoob Abdel-Malak v. Desiree N. Pierce" and all known and unknown defendants who participated in the case in anyway.

5. Defendant Superior Court of California, County of Riverside in relevance to case DVRI1901830; "Desiree Pierce v. Abanoob Abdel-Malak" and all known and unknown Defendants who participated in the case in any way.

**5**

*Page Number*

A.A.

___. Defendant United States District Court - Central
Insert ¶ # District of California
in relevance to case "5:19-cv-01808 DOC (KKx);
"David Gary Piercey, et al., v. Abanoob Abdel-Malak"
and all known and unknown Defendants who
participated in the case in any way.

___. Defendant State of California, Court of Appeal, Fourth
Insert ¶ # Appellate District, Division Two
in relevance to case "E074593"; "Desiree Pierce
v. Abanoob Abdel-Malak" and all known and unknown
Defendants who participated in the case in
any way.

___. Defendant United States District Court-Central District
Insert ¶ # of California
in relevance to case "5:20-cv-20322 CJC(KKx)"
and all known and unknown Defendants who
participated in the case in any way.

___. Defendant Superior Court of California County of
Insert ¶ # Los Angeles
in relevance to case "20STCP01336"; "Abanoob
Abdel-Malak v. David Gary Pierce, State of California,
et al.," and all known and unknown Defendants
who participated in the case in any way.

**6**

*Page Number*

A.A.

___. _Insert ¶ #_ Defendant, Superior Court of California, County of San Diego in relevance to False Police Reports with San Diego Police Department with Detective Katrina Hinzo with Police Reports AND Crime Cases: "#20008709", "#20008967", and #2010038" for attempted charges of three counts of 273.6(a) Penal Code of California for a "violation of court order"; and all known and unknown Defendants who participated in the crime cases in any way.

___. _Insert ¶ #_ The above Defendants (known and unknown) have participated and committed "Fraud Upon The Court" which is committed when a representative of the court— mediators, evaluators, administrators, special appointees, lawyers, judges, referees, guardian ad litem, parenting time expeditors and rule 114 neutrals - fraudulently present facts to the court that interferes with a just and equitable decision making process. This is an extremely serious crime, and so in dire opposition to the definition of justice that this crime is not subject to any statute of limitations.

___. _Insert ¶ #_ Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512 ¶ 60.23 defines this crime as one that prevents the court from working in an impartial manner. A similar case, Bullock v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985) held that this ~~kind~~ kind of fraud between parties, etc. It is deliberately intended to influence the system and the judge and the impartial rendering of a judgment. In other words, the just functioning of the court has been corrupted by "fraud upon the court."

A.A.

**Reservation to Name New Defendants:**

In addition to the Defendants' set forth as Defendants herein, there are likely other parties who may well be liable to Plaintiff, but respecting whom Plaintiff currently lacks specific facts to permit Plaintiff to name such person or persons as a party defendant. By not naming such persons or entities at this time, Plaintiff is not waiving its right to amend this pleading to add such parties, should the facts warrant adding such parties.

**Agency; Aiding and Abetting; and Conspiracy:**

At all times relevant to this Complaint, Defendants, and each of them, were acting as the agents, employees, and/or representatives of each other, and were acting within the course and scope of their agency and employment with the full knowledge, consent, permission, authorization, and ratification, either express or implied, of each of the other Defendants in performing the acts alleged in this Complaint.

As members of the conspiracies alleged more fully below, each of the Defendants participated and acted with or in furtherance of said conspiracy, or aided or assisted in carrying out the purposes of the conspiracy, and have performed acts and made statements in furtherance of the conspiracy and other violations of California law and Federal law.

Each Defendant acted both individually and in alignment with the other Defendants with full knowledge of their respective wrongful conduct. As such, Defendants conspired together, building upon each other's wrongdoing, in order to accomplish the acts outlined in this Complaint.

**II, RESERVATION TO AMEND**

**First Request For Relief:** Plaintiff Request a Subpoena In Order to Get Court Copies From All Courts'.

Title 28 U.S.C. § 1446(a), requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action. In addition to prove fraud on the court I need certified court copies of all records in each case.

In addition, due Plaintiffs' financial hardship and the amount of documents that will be provided requires access to E-File in this case upon e-filing this emergency filing.

By filing this ex parte application for relief, **ABANOOB ABDEL-MALAK**, does not waive its right to seek to compel arbitration, or to object to jurisdiction over the person, or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

If any question arises as to the propriety of the removal of this action, **ABANOOB ABDEL-MALAK**, respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

**III. JURISIDICTION AND VENUE**





COMPLAINT FOR DAMAGES

This court has jurisdiction over this action under 28 U.S.C.A. § 1343(a)(3) for a violation of constitutional rights as provided in 42 U.S.C.A. § 1983.

This is an action alleging fraud, civil conspiracy to commit fraud, abuse of process, and racketeering, all arising from a scheme between Defendants' that was designed and implemented to defraud Plaintiffs'.

This court also has jurisdiction under 18 U.S.C. §1514 of Civil Action to Restrain Harassment of a Victim, and 18 U.S.C. § 1514(a) of a Civil Action to Protect Against Retaliation in Fraud Cases, 28 U.S.C. §§ 1332, 1441, and 1446, Plaintiff, **ABANOOB ABDEL-MALAK**, hereby removes the following civil actions from the State of California based on Fraud On The Court, Hate Crimes, and Civil Rights' Violations.

This is an action pursuant to the Civil Rights Act of 1871, 42 U.S.C.A. § 1983, and 28 U.S.C.A. § 1343, seeking redress for the deprivation of the Plaintiff's constitutional rights. Venue is proper in this District, as most of the acts complained of occurred in the Central District of California.

This is a proceeding for a permanent injunction, enjoining Defendants, and each of them, their agents, employees and successors from continuing their policy, practice, custom and usage denying the Plaintiffs' right to stop the discrimination against me from using services in federally assisted buildings and from accessing and/or altering Plaintiffs' medical records, arrest records, etc..

This is a proceeding for a declaratory judgment, pursuant to the provisions of **28 U.S.C.A. §§ 2201** and **2202**, for the purpose of determining the following questions in actual controversy between the parties.

This is also an action for penalties for document fraud pursuant to **8 U.S.C. §1324c**, and pursuant to **18 U.S.C. §1028**, and pursuant **18 U.S.C. § 873**.

**IV. Relief Pursuant to FRCP Rule 60(b):**

FRCP Rule 60(b) provides that the court may relieve a party from a final judgment and sets forth the following six categories of reasons for which such relief may be granted:

**(1) mistake, inadvertence, surprise, or excusable neglect;**

A.Rule 60(b)(1)Pursuant to Rule 60(b)(1), "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ."

**(2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59;**

9

A.A.

COMPLAINT FOR DAMAGES

**(3) fraud, misrepresentation, or misconduct by an adverse party;**

Pursuant to Rule 60(b)(3), "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . fraud . . . ,misrepresentation, or misconduct by an opposing party. . . ." "Acts of 'fraud on the court' can sometimes constitute extraordinary circumstances meriting relief under Rule 60(b)(6)." Latshaw,452 F.3d at 1104, ref. In re Intermagnetics America, Inc., 926 F.2d 912, 916-17 (9th Cir.1991). "Such fraud on the court 'embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.' "Id. quoting Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir.1989) quoting J.Moore & J. Lucas, Moore's Federal Practice ¶ 60.33, at 515 (2d ed.1978)). "Liberal applications not encouraged, as fraud on the court 'should be read narrowly, in the interest of preserving the finality of judgments.' " Id. quoting Toscano v. Comm'r, 441 F.2d 930, 934 (9th Cir.1971). The Ninth Circuit "places a high burden on a plaintiff seeking relief from a judgment based on fraud on the court.

For example, in order to provide grounds for relief, the fraud must 'involve an "unconscionable plan or scheme which is designed to improperly influence the court in its decision." ' " Id. quoting Abatti v. Comm'r, 859 F.2d 115, 118 (9th Cir.1988) quoting Toscano,441 F.2d at 934. Even a forged signature on a settlement agreement that is submitted to the court was found to fall far short of "defiling the court itself" and did not resemble "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Id.

**IV. The Prerequisites for Relief Are Satisfied.**

This request for relief is timely filed. The relevant statute provides that **Federal Rule of Procedure Rule 60(c)** Timing and Effect of the Motion.

**(1)** Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

**(2)** Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

This action is properly filed to the United States District Court for the Central District of California, Western Division, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (listing the counties within the Western Division of the Central District of California).



COMPLAINT FOR DAMAGES

PAGE 11                    A.A.

*I am the Appellant in Case EO74593 and*

Currently, I am the defendant in the pending case, DVRI 1901830, without any money and no legal counsel because I gave all my money and trust with/to Robert Deller. Below, you will find Robert Deller's unethical actions and conduct that explains why I have filed this attorney complaint against him and suffered a heart attack. **He has once again has repeated similar disciplinary actions from his incident in 2011, Case Numbers: 09-O014644, 09-O-19176.** ▂▂▂

*This is one part of Fraud On The Court.*

## BACKGROUND

On November 30th of 2018, my girlfriend Desiree Pierce and I signed a lease to move in together on or soon after February 8, 2019. Her father, David Pierce, disapproved, and did his best to separate us, including trying to force his daughter to sign a separation agreement in lieu of filing a restraining order. Desiree Pierce refused to sign that agreement, just as she had refused her father's wishes to file a restraining order against me. So, David Pierce turned his efforts away from coercing his daughter and toward threatening me and assassinating my character; details given below.

David Pierce has a criminal record that suggests he is a habitual user and/or dealer of illegal methamphetamines (c.f. RIM 1508574). David Pierce has friends who work for the Riverside County Sheriff's Department and the San Bernardino County Sheriff's Department, whose help he has enlisted to unjustly persecute me. Considering these facts, this case is best understood as simply "David Pierce v. Abanoob Abdel-Malak."

On February 8th of 2019, plaintiffs Desiree Pierce and David Pierce refused to enter into a legal agreement, a mutual joint stipulation, that would have served the same purpose as a restraining order. This mutual joint stipulation could have satisfied Plaintiff David Pierce's desire to prevent his daughter from pursuing a romantic relationship with me (Defendant Abanoob Abdel-Malak).

On February 21st, 2019, I, filed a domestic violence restraining order in the Superior Court of California in San Bernardino, to restrain Desiree Pierce from further contact or communication with me, in order to prevent David Pierce from forcing his daughter Desiree Pierce to file a restraining order against me, in which I was the Petitioner for case, FAMSS 1901320. I filed to prevent such a restraining order, a false allegation which would appear on my record, would negatively impact my

Page 12                                                        A.A.

theft-by-extortion of my relationship with Desiree Pierce, and the ongoing aggressive and fraudulent actions taken against me, by David Pierce and his Attorney Mario Rivas.

On March 14th, Bailiff F. Wilkerson and Court Reporter Karen Diggs #7789, forged my signature on a "Stipulation for Judge Pro Temp" and filed it at the San Bernardino Family Court House, case FAMSS 1901320. They misspelled my name and hand-wrote **"ABANOOD MALAK v. DESIREE PIERCE."** My name is spelled **"ABANOOB ABDEL-MALAK,"** as it is spelled on all other court documents. The forged stipulation form was filled out in handwriting that is obviously not my own, even using a date convention that I do not customarily use. The fact that the forged signature is on the right side of the form raises the suspicion that the forged signature may be intended to be transferred to other different documents, and suggests why the Riverside County Family Courthouse refuses to allow me to purchase a certified copies of the whole file. This is a clear example of the Plaintiff acting in bad faith. Removal to a federal court will allow me to subpoena this document and others from the Riverside County Family Courthouse, the current pending case DVRI 1901830. [FAMSS 1901320], I believe Mario Rivas drafted and/or assisted his client David Pierce and Desiree Pierce, hence why on April 17th, 2019 the other half is signed with his signature, ▮▮▮▮▮▮▮▮ **See attached Exhibit 1.**

On March 14th, 2019, I, the defendant, was also served with false and/or altered "original" copies of a restraining order, at the court hearing concerning my own restraining order against Desiree Pierce. Attorney Mario Rivas is representing her and drafted and/or assisted with filing the Criminal Protective Order and Restraining Order.

This false and/or altered restraining order AND CRIMINAL PROTECTIVE ORDER wasn't on file until the 3rd of April, which would explain why they refused to give me certified copies of it, refused to allow me to issue subpoenas, and on that same day forged my signature on a "Stipulation for the Appointment of Court Commissioner as Judge Pro Tem."

**On April 17th, 2019, the alleged plaintiff Desiree Pierce and Attorney Mario Rivas sign the other half of the "Stipulation for the Appointment of Court Commissioner as Judge Pro Tempore." In order to have my case heard in the Superior Court of Riverside Family Court. See**

V. Statement of Facts
Relevant to Fraud On The Court

**1. Signature Forgery Extortion :**

On March 14th, 2019 Attorney Mario Rivas forged my signature on a "Stipulation for Judge Pro Temp" and filed it at the San Bernardino Family Court House, case FAMSS 1901320. ▌▌▌▌▌▌

**2. Abuse of Process:**

This document was to have my San Bernardino Case transferred to Riverside Family Court House where a Restraining Order and Criminal Case was pending against me, DVRI 1901830. Simply put, Theft By Extortion, among this Mario Rivas conducted more unethical conduct.

The fact that the forged signature is on the right side of the form raises the suspicion that the forged signature may be intended to be transferred to other different documents, and suggests why the Riverside County Family Courthouse refuses to allow me to purchase a certified copy of the document. This is a clear example of the Defendants acting in bad faith. ▌▌▌▌▌▌ for Mario Rivas' signature on the forged document.

**3. Falsification of Evidence:**

On or about 4/17/2019, once again, Attorney Mario Rivas for FAMSS 1901320, forged and filed to have my case in San Bernardino Family Court House transferred to Riverside Family Court House, it was signed by Attorney Mario Rivas and my Ex-Girlfriend and/or Defendant David Gary Pierce. ▌▌▌▌▌▌

**3. Extortion Of Signature By Opening A Criminal Case And Illegally Transferring The Case To Riverside:**

On April 17th, 2019, Attorney Mario Rivas signs the half of the "Stipulation for the Appointment of Court Commissioner as Judge Pro Tem." See **Exhibit 2**. He misspelled my name and hand-wrote "**ABANOOD MALAK v. DESIREE N PIERCE**." (See attached court transcript and document.) My name is spelled. "**ABANOOB ABDEL-MALAK**," as it is spelled on all other court documents. The forged stipulation form was filled out in handwriting that is obviously not my own, even using a date convention that I do not customarily use.





13

A.A.

COMPLAINT FOR DAMAGES

PAGE 14

## STATEMENT FOR MY ATTORNEY COMPLAINT

1. On or about 4/10/2019, I was referred to Attorney Robert Deller and received a voicemail from his associate to come in for a consultation. Robert Deller told me it would cost me $4,000.00 for him to represent me for DVRI 1901830. I had two cases ongoing at the same time:

   a. FAMSS 1901320 in San Bernardino Family Court House, and:

   b. DVRI 1901830 in Riverside Family Court House located at 4175 Main Street, Riverside, CA.

I explained to him that I only have $3,000.00 to pay because I was unemployed and had to borrow money from family members to pay for the legal fees. So, I decided not to move forward with Robert Deller. (Voicemail #1) **(At this moment, I was not aware that my DVRI 1901830 case was Restraining Order & Criminal Case, Robert Deller informed me that it was just a Restraining Order and never told me there was a Criminal Case.) He never even explained to me what CLETS was or anything regarding the full impact of my case.**

2. On or about 4/16/2019, I received a soliciting call from his associate to see if I found another attorney or wanted to come in for another consultation. (Voicemail #2)

3. On or about 4/17/2019, I had a case hearing for FAMSS 1901320, in which a document was forged and filed to have my case in San Bernardino Family Court House transferred to Riverside Family Court House, it was signed by Attorney Mario Rivas and my Ex-Girlfriend and/or Ex-Girlfriend's Father. ██████████████

4. On or about 4/18/2019, I was extremely stressed out because of the result and incident that occurred at the hearing in San Bernardino Family Court House and the document forged to have my case switched to Riverside Family Court House, so I listened to the voicemail I received from Robert Deller's Associate on 4/16/2019 and met with Robert Deller for a second consultation.

5. On or about 4/18/2019, during the consultation Robert Deller informs me that his fee is now $4,500.00 and if I was able to get more money than $3,000.00. He gave me less than 5 minutes to sign the Retainer Agreement and asked me if I wanted anyone else to know about my case and/or attorney-

PAGE 15

SHARED OR DISCUSSED WITH ANY FAMILY MEMBER, FRIEND, AND/OR ANY OTHER THIRD PARY". He was frustrated with me for not having the full $4,500.00 retainer fee, and I was able to put a $200.00 deposit and to pay the $4,300.00 within the next 2-3 days. I retained him and he still did not mention anything regarding a criminal case against me, only mentioned that it was Restraining Order for DVRI 1901830, he never mentioned or explained what CLETS AND/OR THE EXACT CHARGES I WAS FACING.

6. On or about 4/19/2019, I sent an email to Robert Deller with all the information and evidence to provide him with the information he needed. I specifically explained that I desperately need to find out what day the Restraining Order was granted and filed, and that I needed him to purchase me certified copies from the court house because I was denied the right to purchase certified copies by the court clerks, K. Williams. ▮▮▮▮▮▮▮

7. On or about 6/14/2019, I terminate my attorney-client relationship with Robert Deller for the following reasons:

     A. He did not open my file until 5/1/2019 and I retained him on 4/18/2019. My hearing was on 5/14/2019.

     B. He never mentioned to me that my case, was a restraining order and criminal case.

     C. He refused to purchase me certified copies pertaining to my case.

     D. He refused to issue subpoena's to key witnesses regarding my case.

     E. He refused to attempt to file for a Change of Venue regarding my case and attempted to persuade me that it was no possible.

     F. He refused to help me with a false police report regarding the other's party's father pushing my sister and mom inside the court house.

     G. He refused to provide me with monthly billing statements.

     H. His paralegal fees we're more than his attorney fees.

     **I. ON 4/19/2019, HE REFUSED TO FIND OUT WHAT DAY THIS RESTRAINING ORDER WAS GRANTED, I DESPERATELY ASKED HIM TO FIND OUT IF IT WAS GRANTED ON 3/12/2019 OR 3/13/2019 AND PURCHASE ME CERTIFIED COPIES, HE IGNORED ME.** ▮▮▮▮▮▮

PAGE 16

8. From 6/14/2019 up until 6/26/2019, he delayed the process to provide me with my remaining balance and bill statement, along with he delayed to file the Substitution of Attorney to remove himself, and kept delaying the process with his staff stating "that he is busy".

9. On 6/26/2019, he finally submitted to the court the "Substitution of Attorney" after I terminated his service on 6/14/2019, in which I had to beg him to hurry and send it. **(See Exhibit 5)**

10. On 6/26/2019 I desperately get my hearing continued because I discovered this was a restraining order and criminal case. ▇▇▇▇▇▇▇▇▇

11. On June 28th, 2019, I notified via phone and email Mario Rivas, the attorney of Desiree and David Pierce, that I would file in person for an Ex Parte on July 1st 2019 at the Superior Court of Riverside Family Courthouse, in accordance with Court rules and ignores me, as well as does not return my calls. I was requesting attorney fees because I gave all my money to Robert Deller and needed a criminal defense attorney for my case, see Attorney Complaint for Mario Rivas. (See Exhibit C).

**12. On July 1st, 2019, as I stood in line to file for an Ex-Parte hearing at the Riverside Family Court, I was falsely arrested by Riverside County Sheriff Bailiff H. Lopez, for "Trespassing and Contempt of the Court," in order to prevent me from filing my court documents. In the process of the arrest, the bailiff confiscated my Ex-Parte application. I was detained at the Riverside County Jail until around 10:00 pm that evening. I also have a video as evidence.**

**13. The arrest and corruption from originating from Mario Rivas' and Robert Deller's unethical conduct and actions', has caused me to lose my new job and suffer injuries to my heart, resulting in a trip to a Hospital in which I suffered a heart attack in August.**

14. On August 8th, 2019, Robert Deller filed a Substitution of Attorney without my consent and spoke to my family member's or any other third party about my case in which we agreed orally that NO ONE is to be informed about anything regarding my case. ▇▇▇▇▇▇▇▇▇

PAGE#17

15. On August 8th, 2019, I called him to tell him to remove himself from my case and his phone number was not working, I even called from different phone number's and "the line was not in service".

16. On August 9th, 2019, I checked the Case Ledger and immediately emailed him and requested him to remove himself from being my attorney, he send a letter to my place of residence in North Carolina, in which I have no idea how he was able to retrieve that address. ████████

The actions of Defendants' constitute a deprivation of Plaintiff's constitutional rights, including, but not limited to:

**(a)** Plaintiff's right pursuant to the Fourth and Fourteenth Amendments of the Constitution of the United States to be free from illegal seizures;

**(b)** Plaintiff's right to be free from police harassment and intimidation as provided for in the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States;

**(c)** Plaintiff's right to access to the courts as provided for by the Fourth and Fourteenth Amendments to the Constitution of the United States;

**(d)** Plaintiff's right to be free from malicious prosecution, malicious abuse of process, and unlawful seizure as provided for by the Fourth and Fourteenth Amendments to the Constitution of the United States; and

**(e)** Plaintiff's right to due process of law as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

As a direct and proximate result of the acts of Defendants', Plaintiff has suffered severe emotional distress, humiliation, and embarrassment. Plaintiff has also incurred attorney fees, court costs, and has suffered a wage loss.

The acts of Defendants' were done in bad faith, and maliciously with the intent to deter Plaintiff from exercising Plaintiff's constitutional rights to a fair trial and such acts warrant the imposition of punitive damages.

**WHEREFORE,** Plaintiff demands judgment against the each Defendant in an amount in excess of $25,000.00 attorney fees and costs, and an injunction against Defendants' prohibiting Defendant from prosecuting Plaintiff pursuant to false police reports and allegations arising from case DVRI 1901830 and FAMSS 1901320.

## CLAIM FOR RELIEF

Allow Plaintiff to amend this complaint and allow Plaintiff to E-File in this this case.

Provide Declaratory Relief and/or any other appropriate relief this court finds based on any remedy for Fraud On The Court in the following cases:





COMPLAINT FOR DAMAGES

1. San Bernardino Superior Court of California, Case: **FAMSS 1901320**; Abanoob Abdel-Malak v. Desiree N. Pierce filed on February 21, 2019.

2. Riverside Superior Court of California, Case: **DVRI 1901830**; Desire Pierce v. Abanoob Abdel-Malak filed on March 13, 2019.

## V. IRREPARABLE INJURY

Defendants, by their use of violence or threats of violence against plaintiff because of plaintiff's middle eastern background and gender of being an Egyptian male, violated plaintiff's right to be free from violence or intimidation by threats of violence as guaranteed by Civ. Code § 51.7.

As a direct and proximate result of the conduct of defendants, and each of them, plaintiff has suffered and will continue to suffer physical injuries, humiliation, and mental anguish.

Defendants' violation of plaintiff's rights as guaranteed by Civ. Code § 51.7 entitles plaintiff to compensatory and punitive damages, a $25,000 civil penalty, attorney fees, and injunctive relief, all of which are provided for in Civ. Code § 52 and are requested below.

In doing the acts alleged in this complaint, defendants knew or should have known that their actions were likely to injure plaintiff. Plaintiff is informed and believes, and on that basis alleges, that defendants intended to cause injury to plaintiff and acted with a willful and conscious disregard of plaintiff's rights as secured by Civ. Code § 51.7, thus entitling plaintiff to recover punitive damages pursuant to Civ. Code § 52, subd. (b)(1).

Unless defendants are restrained by a preliminary and permanent injunction, plaintiff will continue to suffer severe, irreparable harm in that possible false police reports and investigations are ongoing, in addition to Defendants recording the Plaintiffs' calls and monitoring Plaintiffs' internet. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past violence or threats of violence, will not afford adequate relief for the fear, humiliation, and risk of injury that a continuation of defendants' conduct, in denial of plaintiff's rights, will cause.

**WHEREFORE**, plaintiff requests judgment against defendants as follows:

**1.** General damages according to proof;

**2.** Special damages according to proof;

**3.** Punitive damages pursuant to Civ. Code § 52, subd. (b)(1);

A.A.

---

COMPLAINT FOR DAMAGES

19

# V. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

( 18. U.S.C. §2511: Interception and disclosure of )
wire, oral, or _insert title of cause of action_ Electronic Communications
(As against Defendant(s): All Defendants

_____ )

____. Plaintiff repeat and incorporate herein by
_Insert ¶ #_
reference the allegations in the preceding paragraphs
of this complaint, and below, as if set forth
fully herein.

____. The defendants have violated
_Insert ¶ #_
18 U.S.C. § 2511 and upon receiving
and this court issuing a Subpoena, Plaintiff
will elaborate in detail with
proof.

____. Plaintiff is able to ~~to~~ recover
_Insert ¶ #_
for damages and/or ~~the~~ recovery of civil
damages is authorized pursuant 18 U.S.C.
§ 2520.

**20**
_Page Number_

A.A.

## VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

___. This Court order that service be made by *Insert ¶ #* United States Marshals or deputy marshal or a specially appointed person pursuant to F.R.C.P.4(c)1, F.R.C.P. 4(c)(2), F.R.C.P(c)(3) and/or any other federal law and/or state law.

___. This court order that Plaintiff be *Insert ¶ #* permitted to E-File and afforded legal assistance in serving this process. Pursuant 28 U.S.C §1915 and pursuant 18 U.S.C.§ 1514 and 18 U.S.C. §1514(a).

___. This Court Issue Penalties for document fraud *Insert ¶ #* pursuant 8 U.S.C.§1324(c)(a)(1)-(5) and 18 U.S.C.§1028 and 18 U.S.C. §873 and/or any other federal Law and/or State law.

___. This Court IMMEDIATELY order *Insert ¶ #* all courts and law enforcement to provide certified copies of all records accessed and/or against me and/or involving me AND Invalidate all Judgments, Orders, Proceedings mention in the cases above.

Dated: __May 20, 2020__

Sign: __AvA MALAK__

Print Name: __Abanoob Abdel-Malak__

## 21

*Page Number*

A.A.

**4**. A statutory civil penalty of $25,000 pursuant to <u>Civ. Code § 52, subd. (b)(2)</u>;

**5**. Reasonable attorney fees, according to proof, pursuant to <u>Civ. Code § 52, subd. (b)(3)</u>;

**6**. A preliminary injunction against defendants, and each of them, enjoining defendants: to produce all police reports and investigations against him.

**7**. A permanent injunction against defendants, and each of them, enjoining defendants from: accessing Plaintiffs' medical records and invading Plaintiffs' privacy.

**8**. Plaintiff's cost of suit; and

**9**. Such other relief as the court deems just and proper.

**WHEREFORE**, Plaintiffs respectfully pray that upon the filing of this complaint this court advance this case on the docket and order a speedy hearing of same and upon the hearing this court:

**1**. Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter here in controversy, in order that such declaration shall have the force and effect of a final judgment;

**2**. Issue a permanent injunction enjoining Defendants and each of them, their agents, employees and successors and all persons in active concert and participation with

**3**. That Plaintiffs have such other, additional or alternative relief as may appear to the court to be equitable; and

**4**. Grant Plaintiffs their costs herein.

**DEMAND FOR JURY TRIAL**

Plaintiffs' **ABANOOB ABDEL-MALAK** and **SINAI ACQUISITIONS LLC**, hereby request a trial by jury on all issues so triable pursuant to Federal Rules 38(b).

**RESERVATION OF RIGHTS**

Plaintiff reserves its right to further amend this Complaint, upon completion of its investigation and discovery, to assert any additional claims for relief against Defendants or other

A.A.

**COMPLAINT FOR DAMAGES**

**22**

parties as may be warranted under the circumstances and as allowed by law.

DATED: May 20, 2020

Your signature A A MALAK

ABANOOB ABDEL-
MALAK
In Pro Se/Pro Per

23

A.A.

COMPLAINT FOR DAMAGES

*This Declaration is Pursuant to 28 U.S.C. § 1746:*

**DECLARATION OF ABANOOB ABDEL-MALAK IN SUPPORT**

I, ABANOOB ABDEL-MALAK, declare as follows *pursuant to 28 U.S.C. § 1746*

1. This declaration is in lieu of personal testimony, pursuant to CCP Sections 2009 and California Rules of Court, 1225, Reifler v. Superior Court (1974) 39 Cal.App3d 479, and Marriage of Stevenot (1984) 154 Cal.App3d 1051. Therefore, I request that this declaration be received as evidence and that the Court permit further offers of proof, other testimony and documentary evidence which may be presented at the time of hearing or as appropriate.

2. That I am witness in this matter.

3. This declaration is based on facts within my knowledge and I could and would competently testify to such facts under oath if called upon to do so as a witness.

4. I am the Plaintiff to this matter.

5. My current address is 12159 Harvest Avenue, Norwalk, California 90650.

6. On March 21, 2019 the Court Clerks refused to take my request for me to issue subpoena's for possible witnesses, which I could not do since I was pro per without Court permission and refused me the right to purchase court copies.

7. On July 1, 2019, I was falsely arrested while I was in Riverside's Superior Court to simply attempt to obtain certified copies of court documents and to file an Ex-Parte in connection to my defense in this matter. Instead of allowing me the right to obtain copies of court documents in this case, and to file court documents for my defense to this restraining order, I was arrested taken out of the courthouse and arrested for "trespassing" and "contempt of court" with a $50,000.00 bail.

8. On August 8, 2019 Court Clerks and my Ex-Attorney Robert Deller filed a substitution of attorney without my consent or signature when I was out of state in North Carolina.

9. Thereafter, Riverside County also sent Fontana Police to my mother's house when I was out of state in a further act of harassment.

10. Detective Ryan Evans from Riverside County contacted my sister who lives in North Carolina. He continued to harass her until I contacted him and told him I would sue if he did not leave me alone.

11. Petitioner's father, David Pierce, and Petitioner's mother, Sherrie Pierce, are friends with law enforcement in Riverside County.

12. When I was detained by the deputies for "trespassing" at the Courthouse, deputies attempted to put Meth on my clothes and attempted to put meth on a medical test which I denied. I was only released when I cried and said I need medical attention.

**24**



13. Court staff at the Riverside Superior Court have been rude and treated me unfair. I have had the following issues with each staff member:

    a) Court clerk refused to allow me to purchase certified copies on March 25, 2019

    b) Court Staff refused to let me view the original file to my case on June 26, 2019

    c) Court clerk refuses to allow me to file court documents on July 1, 2019

14. I have been experiencing issues with my health in connections to all the troubles that I have been suffering from this case. I have trauma from the false arrest on July 1, 2019.

15. Because of this arrest for "trespassing in court" I have lost my job which the start date was July 1, 2019.

16. Because of this arrest for "trespassing" and "contempt of court", I suffered a heart injury and my heart has lost enzymes.

17. I am afraid of being in Riverside Court and within the County of Riverside since I have already been arrested once in the Courthouse for "trespassing" when I was simply filing an Ex-Parte, I will be arrested again if I show up in this matter to obtain any evidence I need.

18. When I was arrested for trespassing at the Courthouse, the officers beat me up and did not give me food or water all day. I was slammed around while I was in custody in a small room in the Courthouse.

19. Because of this event, I have certain panic attacks, especially when and if I go near the Riverside Courthouse.

19. On October 22, 2019, I visit the FBI West Covina satellite office for the third and last time, telling them they need to do something about what has occurred and the false arrest from what occurred on July 1st, 2019, and to follow up with my report from July 2nd, 2019.

20. On November 21, 2019: court clerks refused to allow me to file an ex-parte once again before my hearing. Because of once again being denied to file and Ex-Parte as a Self-Represented Indigent Defendant, I request Commissioner Wendy Harris to recuse herself as allowed by California Family Law Court Rules. She refuses to recuse herself after I orally request my first request to have a judge removed from my case. I orally stated to recuse herself pursuant to California Code of Civil Procedure §170.6 and that she is bias because she has not appointment me legal counsel, or issued me any subpoena's to at least one witness from my witness list of 15-plus witnesses I intended to call.

21. On November 22, 2019: Commissioner Wendy Harris refuses to give me her California State Bar License Number. I explained to her that my health is not fit

A.A.

to provide my defense to this case as I desperately need an attorney and that I already suffered a heart condition from the false arrest by the bailiff's in the court room. She refused to provide me with everyone's name inside the court room. She stated she does not practice law in California. And practices outside the state of California. She grants the Criminal Protective Order for 5 years, allowing the same law enforcement agency who arrested me to continue to record my communications and monitor my internet, in which they can arrest me without notice.

22. On January 24, 2020, I mailed and sent my Notice of Claim (See Exhibit J) to abide by the California Torts Claim Act to the following:

        1. County of San Bernardino; and

        2. County of Riverside

23. On February 6, 2020, I received a response in the mail from the County of Riverside rejecting my claim and disputing certain claims about the facts (See Exhibit K).

24. As of February, 2020, I have received a response regarding my Notice of Claim sent to the County of San Bernardino.

25. As of March 28, 2019, I have exhausted my efforts in seeking legal counsel, but due to the parties involved and/or my lack of financial ability to pay for counsel, I am unable to secure legal counsel in this matter.

26. I have made a reasonably diligent efforts to obtain counsel.

27. I am unable to find an attorney willing to represent me on terms that I can afford.

28. I have no money to pay for an attorney.

29. I am unable to find an attorney to take this case on contingency.

30. At the end of the day your honor, I know how to spell my own name.

31. I have been living in constant fear and harassment, Defendants have recorded my calls, blocked important calls, taken my old phone numbers, and monitor my location, etc.

32. Due to the pain in my chest from the stress and trauma, I am begging for a temporary restraining order is also sought without notice, it must be shown either by verified complaint or by affidavit (or declaration under penalty of perjury [*Code Civ. Proc. § 2015.5*]) that great or irreparable injury would result to the applicant before the matter can be heard on notice.

33. The plaintiff's certifies under oath that certain steps were taken and reasons existed for the lack of formal notice [*see Code Civ. Proc. § 527(a)*; *Cal. Rules of Ct., Rule 3.1204(b)*]. If a temporary restraining order is granted, it will issue with an order to show cause, on the hearing of which the court will determine whether to grant a preliminary injunction [*see Code Civ. Proc. § 527(a)*]. For further discussion and forms regarding temporary restraining orders, see *Ch. 303, Injunctions*.



A.A.

2.6

33. Plaintiff was targeted because of his perceived characteristic of being an Egyptian Middle Eastern Male Speaking Arabic with a and long name of ABANOOB MOUNIR RAGHEB ABDEL-MALAK,

34. The Defendant's conduct was substantially motivated because Plaintiff was not white, not wealthy, not a resident of Riverside, was not an attorney, was not Mormon, and was called a "sand-nigger", attempted to place methamphetamine in Plaintiffs clothing, and on a medical test the Plaintiff denied to take.

35. Plaintiff was in possession of his personal property, Ex-Parte Court documents at the time Defendant's agents and employees falsely arrested and confiscate Plaintiff's property and seized and immediately destroyed without notice. Defendant's agents and employees unlawfully prohibited Plaintiffs from filing court documents and securing personal property. Plaintiff was threatened with forcible arrest and was then arrested and beaten, and threatened with retaliation by being in violation of "Contempt of Court" and "Trespassing".

36. The **six enumerated 'federally protected activities' are**: '(A) enrolling in or attending any public school or public college; **(B) participating in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof**; (C) applying for or enjoying employment,…; **(D) serving…as grand or petit juror;** (E) traveling in or using any facility of interstate commerce,…; (F) enjoying the goods [or] services [of certain places of public accommodation].' 18 U.S.C. § 245(b)(2).]

37. At all times my activities were protected under Federal Laws.

38. My Physical and Mental Health from the Stress; Due to my current physical and psychological condition, I am unable to properly represent myself, and need legal assistance because of the heart condition I suffered in 2019 and trauma I have when I think about the incident's that have occurred. I AM AT RISK OF ANOTHER HEART INJURY.

39.For example, I am in constant fear of answering my cell phone because of DEFENDANTS's previous actions and current order of being allowed to record my communications and monitor my internet, and monitor my physical location throughout the United States. I have chronic insomnia from the incidents and I have certain panic attacks. I am also blind in my left eye, so under the stress involved with this legal matter, I am at risk to my eye vision further worsening. My heart is also at risk of another heart injury because of current harassment and fear of law enforcement.

40. I declare under penalty of perjury under the laws of the State of California and United States that the above foregoing is true and correct.

Date: May 19, 2020

ALA  MALAK
Signature of Abanoob Abdel-Malak

A.A.



27

**CERTIFICATE OF** ▓▓▓▓▓▓ MAILING

*I mailed and put in a mailbox,*

I hereby certify that on ▓▓▓▓▓ May 20, 2020, I ▓▓▓▓▓▓▓▓ since I am in pro-se and currently unable to electronically file using the the CM/ECF system which could send notification of such filing to the following addresses mentioned below. On the date below stated, I mailed the forgoing document by depositing a copy thereof in the outgoing mail at Rancho Cucamonga, California, in a sealed envelope, with postage prepaid, addressed to the Edward Roybal Federal Building and U.S. Courthouse, Civil Intake and Records Department.

TO:         Kiry K. Gray, District Court Executive/Clerk of Court

Address:    Civil Intake and Records Department

            Edward R. Roybal Federal Building and U.S. Courthouse,

            255 East Temple Street, Room 180 (Terrace Level)

            Los Angeles, CA 90012

Documents: ① Complaint; Proposed Order; Declaration
② Civil Cover Sheet
③ Application To Proceed In District Court Without Prepaying Fees or Cost (Long Form)
④ Summons
⑤ Application For Permission For Electronic Filing
⑥ Certification and Notice of Interesd Partis

Executed on:
May 20, 2020
Date

Your signature *AVA MALAK*

ABANOOB ABDEL-
MALAK

In Pro Se

Note: I do not have enough money to provide two additional copies of each document.

K.A.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |
|---|---|
| Abanoob Abdel-Malak, et al., | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| United States of America, David O' Carter, et al., | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No.

**CV20-04783** MWF (JC y)

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Attorney General of The United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington D.C. 20350-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Abanoob Abdel-Malak
12159 Harvest Ave
Norwalk, CA 90650
(310) 776-8915
ava@sinaillc.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

    ❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

    ❒ I returned the summons unexecuted because _____ ; or

    ❒ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

                                     _____
                                            *Server's signature*

                                     _____
                                          *Printed name and title*

                                     _____
                                          *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Abanoob Abdel-Malak, ~~and~~ et al.,

_____
*Plaintiff(s)*

v.

United States of America, et al.,

_____
*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.

CV20-04783 MWF (JC)

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Civil Process Clerk
U.S. Attorney's Office for The Central District of California
Federal Building
300 North Los Angeles Street, Suite 7516
Los Angeles, CA 90012

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Abanoob Abdel-Malak
12159 Harvest Avenue
Norwalk, CA 90650
(310) 776-5915
ava@sinaillc.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Abanoob Abdel-Malak
12159 Harvest Avenue
Norwalk, C.A. 90650
California 90650
United States of America

ATTN: Christopher Powers
United States District Court
Central District of California

Civil Intake and Record Department
Edward R. Roybal Federal Building
255 East Temple Street, Room 180 (Terrace
Los Angeles, CA 90012

Note: ONLY TO BE OPENED BY
CHRISTOPHER
POWERS

RECEIVED
CLERK U.S. DISTRICT COURT

MAY 26 2020

CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY